UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRUCE DeBARROS,

                          Petitioner,

                                              DECISION AND ORDER
                                                  03-CV-786A
                                                  97-CR-193A
              v.                                  94-CR-222A

UNITED STATES OF AMERICA,

                          Respondent.

## INTRODUCTION

Currently before the Court is the motion of petitioner Bruce DeBarros
to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  For the
reasons stated, the motion is denied.

## BACKGROUND

On July 16, 2001, petitioner Bruce DeBarros appeared before this
Court and, pursuant to a written plea agreement, pled guilty to various drug
trafficking charges.  Specifically, petitioner pled guilty to: Count I of Indictment 94-
CR-222A, which charged him with violation of 21 U.S.C. § 846 (conspiracy to
possess with intent to distribute and to distribute 100 kilograms or more of

marijuana); and Count VI of Superseding Indictment 97-CR-193A, which charged

him with violation of 21 U.S.C. §§ 953(c), 960(a) and 960(b)(2)(G) and 18 U.S.C.

§ 2 (aiding and abetting the unlawful exportation from the United States of 100

kilograms or more of marijuana, in the form of hashish).

     The first paragraph of petitioner's written plea agreement indicated

that:

> The defendant, BRUCE DeBARROS, and the United States Attorney
> for the Western District of New York (hereinafter "the government")
> hereby enter into a plea agreement with the terms and conditions as
> set out below.

     Thereafter, at ¶ 21, the plea agreement provided as follows:

> Prior to being prosecuted in the Western District of New York,
> defendant was a resident of the Province of Ontario in the Dominion
> of Canada.  It is the understanding of the government that the
> defendant will seek permission to transfer for the purpose of serving
> his term of incarceration in a Canadian correctional facility.  Should
> the Bureau of Prisons or Canadian correctional authorities request a
> statement from the government on this request, the government
> agrees not to oppose the transfer.

     On October 31, 2001, the Court, consistent with the terms and

conditions of the plea agreement, sentenced petitioner principally to a term of

imprisonment of 108 months.

     On May 30, 2002, the United States Attorney for the Western District

of New York received a document entitled "Recommendation Request" from the

United States Department of Justice, Criminal Division, Office of Enforcement

Operations ("OEO"), seeking a recommendation "as to whether [petitioner] should

participate in the international transfer program."  In response, the United States

Attorney for the Western District of New York advised the OEO that "[p]ursuant to

¶21 of the written plea agreement, the government agreed 'not to oppose the

transfer.'"

On August 1, 2002, petitioner received a notification, through the

Canadian Consulate General, which stated as follows:

> This is to advise you that after considering all of the appropriate
> factors involved in this matter, the United States has denied the
> request for transfer to Canada of the above-named Canadian
> national who is currently incarcerated at FCI Ray Brook New York.
> The reason for the denial was because, given the inmate's history
> and the history of this case, a transfer would not be in the interests of
> justice of the United States.

Thereafter, petitioner, by letter dated on or about August 19, 2002,

contacted the OEO regarding the denial of his transfer request.  By letter dated

September 12, 2002, OEO advised the petitioner as follows:

> Assistant United States Attorney James P. Kennedy, Jr., informed us
> of the plea agreement when we solicited his recommendation to your
> transfer, thereby fulfilling paragraph 21 of the plea agreement, and
> we were aware of it when we made our decision.  Authority to
> approve or deny transfer applications is vested in the Attorney
> General, who in turn is authorized to delegate that authority to specific officers of
> the Department of Justice (see Title 18, United States Code, Section 4102).  It
> was one of those officers who made the decision in your case.  While the
> Department routinely solicits the recommendations of the United States
> Attorneys' Offices, those offices are not authorized to make the final transfer
> decisions.  So far as your plea agreement is concerned, it was, as expressly
> stated in the agreement, and agreement between you "and the United States
> Attorney for the Western District of New York (hereinafter 'the government')."
> "Government" in the plea agreement therefore means only the United States
> Attorney for the Western District of New York, which, as noted above, honored

the agreement by alerting us to the fact that pursuant to the plea agreement it was not opposing your transfer.

On October 15, 2002, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, in the Northern District of New York, where he is incarcerated.  The Northern District found that the petition is properly construed as one brought pursuant to 28 U.S.C. § 2255, and transferred it to this District.

## DISCUSSION

**A.    *Petitioner Has Waived His Right to Collaterally Attack His Sentence***

In his plea agreement, petitioner waived his right to collaterally attack his sentence, <u>see</u> Plea Agreement at ¶¶ 15 and 23, and such a waiver is enforceable, even where, as here, the circumstances purporting to give rise to such a collateral attack arise following the entry of the plea.  <u>See</u> <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 508-09 (2d Cir. 2001) (citation omitted); <u>United States v. Djelevic</u>, 161 F.3d 104, 106 (2d Cir. 1998).  Thus, petitioner is procedurally barred from collaterally attacking his sentence.

**B.**   *Government did not Breach of the Plea Agreement*

Petitioner's claim also fails on the merits because there has been no breach of his plea agreement.

Petitioner apparently accepts the proposition that the prosecutor, *i.e.*, the United States Attorney's Office for the Western District of New York, did not breach the plea agreement.  See Docket Item No. 9 at  2.  Notwithstanding such recognition, however, petitioner apparently argues that the plea agreement was breached when the OEO denied his request for a transfer to Canada.  Such an argument is without merit.

The plea agreement did not bind OEO to approve petitioner's request for a transfer to Canada.  The introductory paragraph to the petitioner's plea agreement unambiguously provides that, "[t]he defendant, BRUCE DeBARROS, and the United States Attorney for the Western District of New York (hereinafter 'the government') hereby enter into a plea agreement with the terms and conditions as set out below."  Thus, the plea agreement was only binding on the United States Attorney for the Western District of New York and not on any other part of the government, including the OEO.  See United States v. Annabi, 771 F.2d 670, 672 (2d Cir. 1985) ("A plea agreement binds only the Office of the United States Attorney for the district in which the plea agreement is entered unless it affirmatively appears that the agreement contemplates a broader restriction.") (citations omitted) ; see also United States v. Salameh, 152 F.3d 88,

5

120 (2d Cir. 1998) ("When the expressed terms of a plea agreement set forth promises by 'the Government', we have held that the plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction, or unless there [is] evidence to show that [a prosecutor] [i]s attempting to evade its own obligations [under the plea agreement] . . . ..") (internal quotations and citations omitted).

Contrary to petitioner's contentions, the plea agreement did not guarantee that he would be approved for a transfer to Canada, but instead, merely assured him that "the government," *i.e.*, the United States Attorney for the Western District of New York, would not object if such a transfer were requested by the petitioner.  The United States Attorney for the Western District of New York fully and fairly performed its obligations under the plea agreement when it advised the OEO of the plea agreement's essential terms.  Petitioner undoubtedly wishes that the plea agreement had unconditionally approved his transfer to a Canadian prison, but it simply does not say that, and the United States Attorney for the Western District of New York does not have the power to approve such a request.  See United States Attorney's Manual § 9-35.010 (vesting the sole power to approve the transfer of prisoners to other countries in the International Prisoner Transfer Unit of the Office of Enforcement Operations, Criminal Division, United States Department of Justice).

6

To the extent that the petitioner contends that the final phrase of ¶ 21 of the plea agreement, *i.e.*, "the government agrees not to oppose the transfer," somehow operates to invalidate the OEO's denial of his transfer request, such contention:  (1) ignores the fact that the term "government" as used in the plea is expressly defined to encompass only the United States Attorney for the Western District of New York; and (2) ignores the fact that the phrase which immediately precedes that relied upon by petitioner expressly distinguishes between a federal agency (*i.e.*, the Bureau of Prisons) and "the government" as that term is used in the plea agreement.  In fact, had the use of the term "the government" been intended to include, as petitioner suggests, any and all federal agencies, there would have been no need to even mention one such agency, *i.e.*, the Bureau of Prisons, in the plea agreement.  Rather, when viewed in its entirety, the language contained in ¶ 21 of the plea agreement expressly advised petitioner that the decision to transfer petitioner rested with an entity other than "the government" as that term was specifically defined in the plea agreement.

In support of his petition, petitioner has submitted an affidavit from his defense counsel in which counsel states that it was his "understanding" that the provisions of the plea agreement, presumably including ¶ 21, "were binding on the United States Justice Department." See Docket Item No. 345.  However, in light of the plain language of the plea agreement and the well-settled law in this Circuit, it is inconceivable to the Court that defense counsel could have actually

7

had such an "understanding."  Such an "understanding" is difficult for the Court to accept, and is clearly contrary to the law.

In any event, petitioner is not asserting any type of claim based on ineffective assistance of counsel and does not seek to have the plea vacated. Instead, he seeks specific performance of the plea agreement.  As stated above, however, the government has already performed its obligations under the plea agreement.  Thus, petitioner is not entitled to any further relief.

## CONCLUSION

For the reasons stated, petitioner's § 2255 motion is denied.  The Clerk of Court is hereby ordered to enter judgment in favor of the respondent and take all steps necessary to close the case.

A certificate of appealability is hereby denied as petitioner has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3),  that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).  Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second

Circuit in accordance with the requirements of Rule 24 of the Federal Rules of

Appellate Procedure.


      IT IS SO ORDERED.


          /s/ *Richard J. Arcara*
          HONORABLE RICHARD J. ARCARA
          CHIEF JUDGE
          UNITED STATES DISTRICT COURT

DATED: August 31, 2006